1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIGHT SALT INVESTMENTS, LP, a Limited Partnership,<br><br>                                    Plaintiff,<br><br>        v.<br><br>ALAN R. FISHER, an individual, JUSTIN A. FISHER, an individual, CHAD FISHER, an individual, ADAM FISHER, and individual, P.C.H. WORLD WIDE LLC, a Limited Liability Company, PCH WORLDWIDE S de RL de CV, a Mexican Limited Liability Company, DOES 1-50,<br><br>                                    Defendants. | CASE No. 13cv1158-MMA (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO TAKE IMMEDIATE DEPOSITIONS**<br><br>**[ECF No. 6]** |

        On June 7, 2013, Plaintiff filed an Ex Parte Motion For Expedited Discovery, requesting permission to take immediate depositions of two witnesses.  (ECF No. 6.) On June 14, 2013 Defendants opposed the Motion (ECF Nos. 13 and 14) and on June 17, 2013, Plaintiff filed a Reply.   (ECF No. 15).  Having reviewed the parties' submissions and supporting exhibits, the Court GRANTS Plaintiffs' Ex Parte Motion for Expedited Discovery, as outlined below.

/ / /

# I. BACKGROUND

On May 15, 2013, Plaintiff filed this action for Securities Fraud, Breach of Contract, and related claims.  (ECF No. 1.)  This action arises out of Plaintiff's initial investment in, and later alleged ownership of, Oceans's Flavor Foods, LLC ("Ocean's Flavor"), a company that is in the business of producing and selling low-sodium sea salt.  On June 7, 2013, Plaintiff filed an Ex Parte Motion for a Temporary Restraining Order and Ex Parte Motion for Expedited Discovery.  (ECF No. 6).  Plaintiff sought a temporary restraining order directing Defendants: (1) not to intentionally harm Ocean's Flavor's business; (2) to continue to use the Bank of America business account they have been using since November 2012; (3) to give Plaintiff access to monitor the Bank of America account, and any other account used by Defendants for Ocean's Flavor's business; and (4) to restore Plaintiff's access to their Ocean's Flavor email accounts.  (ECF No. 6 at 1-2.)   Plaintiffs also requested permission to take the immediate deposition of (1) Janathan Allen ("Jan Allen"), Ocean's Flavor's outside corporate attorney and CPA, and (2) Bank of America, with respect to Ocean's Flavor's Bank of America account.  (ECF No. 6 at 2-3.)  Plaintiff argues the proposed depositions are necessary to support Plaintiff's contemplated Motion for Preliminary Injunction.  Defendants oppose the request.[1]

On June 17, 2013, the Honorable Michael M. Anello denied Plaintiff's Motion for a Temporary Restraining Order and referred the Motion for Expedited Discovery to this Court.  (ECF No. 16.)

# II. DISCUSSION

In accordance with Federal Rule of Civil Procedure 26(d), discovery generally does not commence until parties to an action meet and confer as prescribed by Federal Rule of Civil Procedure 26(f), unless allowed by court order or agreement of the parties. Fed. R. Civ. Pro. 26(f).  A court may permit early discovery if the requesting party

---

[1]Defendants object to Plaintiff's motion on the ground that Plaintiff failed to meet and confer as required by the Court's Local Rules.  (ECF No. 13 at 18-19.)  However, because Plaintiff's motion is brought under Rule 26(d), the Court finds Plaintiff has not violated the Local Rules.

demonstrates good cause.  *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  *Id.*  In determining whether good cause justifies expedited discovery, courts commonly consider the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made."  *Am. LegalNet., Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *Apple Inc. v. Samsung Electronics Co., Ltd.,* 768 F.Supp.2d 1040, 1044 (N.D. Cal. 2011).

The Court has considered the factors *Am. LegalNet., Inc. v. Davis*, and finds they weigh in favor of Plaintiff's request to conduct expedited discovery.  First, although a motion for preliminary injunction is not currently pending, Plaintiff indicates that it plans to file a motion for preliminary injunction in the near future.  Indeed, Plaintiff states that it "intends to prepare and file a motion for Preliminary Injunction as soon as it completes the depositions of Jan Allen and Bank of America."  (ECF No. 6 at 17.) Second, the requested discovery is relatively limited, as Plaintiff seeks permission to conduct only two depositions.  Additionally, the scope of the depositions will be limited, as outlined below.  Third, Plaintiff has shown that it needs the depositions, particularly the deposition of Jan Allen, to support its contemplated motion for preliminary injunction.  Fourth, the Court finds that permitting Plaintiff to conduct two depositions will not impose an unreasonable burden on Defendants. Finally, the Court notes that Plaintiff has requested discovery to start fairly far in advance of the normal course of discovery in this district.  However, this factor, alone, does not make the requested depositions unreasonable.

Defendants argue that in addition to showing good cause for expedited discovery, Plaintiff must also establish the propriety and need for Jan Allen's deposition because

she is Ocean Flavor's corporate counsel.  Neither the Federal Rules of Civil Procedure, nor the Federal Rules of Evidence prohibit the taking of attorney depositions.  In fact, Federal Rule of Civil Procedure 30(a) provides that a party may depose "any person." Fed.R.Civ.P. 30(a).  However, courts have recognized that depositions of an opposing party's counsel can have a negative impact on the litigation process and are therefore discouraged.  *See Am. Cas. Co. of Reading, Pa. v. Krieger*, 160 F.R.D. 582, 585-89 (S.D. Cal. 1995) (*citing Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).  Yet, there are circumstances "under which the deposition of a party's attorney will be both necessary and appropriate, for example, where the attorney is a fact witness, such as an 'actor or a viewer.'"  *Id.*  at 588.  Therefore, courts allow depositions of an opposing party's attorney where the party seeking to take the deposition can show that "(1) No other means exist to obtain the information than to depose opposing counsel; (2) The information sought is relevant and nonprivileged; and (3) The information is crucial to the preparation of the case."  *Id.*  at 589.

Here, Ocean's Flavor is not a party to this action, and Jan Allen does not represent any party in this case.  Therefore, technically speaking, Plaintiff is not seeking to depose adversary counsel, and the criteria set forth in *Krieger* does not necessarily apply.  *See e.g. Mass. Mutual Life Ins. Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D. Cal. 1998) (holding plaintiff only had to show that defendant's divorce attorney had relevant non-privileged information in order to depose the attorney, because the divorce attorney did not represent the defendant in the case at hand).  However, even under the *Krieger* criteria, the court finds Plaintiff should be allowed to depose Jan Allen.

First, Jan Allen had a substantial degree of participation in the underlying events as they unfolded.  As counsel for Ocean's Flavor, she negotiated and drafted the term sheet that Plaintiff alleges transferred 100% ownership of the company to Plaintiff.  She was also involved in negotiations between the parties after a dispute arose concerning the term sheet.  It does not appear that any other person has the same knowledge regarding the totality of the circumstances surrounding the business dealings between

the parties.  Given her unique role in the events leading up to this action, the Court agrees with Plaintiff that no other means exists to obtain the information sought from Jan Allen, other than to depose her.

Second, the information Plaintiff seeks from Jan Allen is relevant.  She is a percipient witness to many of the events that gave rise to this case.  She is the attorney who drafted the term sheet that is at issue in this litigation.  She also acted as a mediator between Plaintiff and Defendants during the negotiations between the parties. Further, as Ocean Flavor's CPA, she has information about the company's financial condition during the relevant time period.  She performed the task of reconstructing the company's books in 2012, and shared that information with Plaintiff.  The term sheet, as well as the financial condition of Ocean's Flavor is highly relevant to Plaintiff's claims in the lawsuit.   At the same time, Jan Allen is Ocean's Flavor's attorney, and Defendants understandably argue that her deposition raises issues of attorney-client privilege.

Plaintiff argues that the attorney-client privilege was waived because Jan Allen was openly communicating and sharing documents and information about Ocean's Flavor with Plaintiff.  It appears Jan Allen was in regular contact with Plaintiff. Plaintiff states that Phil Aitken, Plaintiff's representative, met with her on numerous occasions between October 2012 and January 2013, and that she provided Plaintiff with Ocean's Flavor's tax return for 2011 and other financial documents.  (ECF No.15-1 at 2, ¶ 2.)   Plaintiff states that based on the information from Jan Allen, Plaintiff concluded it had been defrauded by Defendants.  (*Id.*)  Plaintiff further states that Jan Allen was communicating with Plaintiff during the time it was in control of Ocean's Flavor and managing the company's day to day operations from February 20, 2013 to May 3, 2013.  (*Id.* at 3, ¶ 4.) In addition, Plaintiff states that Defendants were aware that Jan Allen was in regular communication and sharing information with Plaintiff.  For example, on April 16, 2013, emails were exchanged between Defendant's attorney, Jan Allen, and Plaintiff's representative, in which Jan Allen openly and candidly discussed

several matters concerning Ocean's Flavor and the dispute between the parties. (*See* ECF No. 15-1 at 8-14.) Plaintiff points out that Defendants never objected to Jan Allen sharing information or communicating with Plaintiff until May 3, 2013, when they specifically directed her to cease all communications. (*See* ECF No. 6-2 at 109-110; ECF No. 15-1 at 3, ¶ 4.) The Court finds, based on the record as a whole, that during the time period between October 2012 (when Jan Allen started communicating with Plaintiff) until May 3, 2013 (when Defendants instructed her to cease communications), Plaintiff has shown sufficient evidence of a waiver of the attorney client privilege. Therefore, Jan Allen is permitted to answer questions relating to that limited time period.

Third, the Court finds the information sought from Jan Allen is crucial to Plaintiff's case, and specifically to the anticipated motion for preliminary injunction. In order to succeed on a motion for preliminary injunction, Plaintiff will have to show that it is likely to succeed on the merits of its claim to enforce the term sheet. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24-25 (2008). Plaintiff convincingly argues the deposition of Jan Allen may be instrumental in its ability to make that showing.

In sum, the Court finds Plaintiff has shown good cause for early discovery. The information sought through the proposed depositions is relevant to the anticipated motion for preliminary injunction and is likely to assist the Court in resolving the motion once it is filed. However, the Court finds that the scope of the depositions should be limited in some respects. First, with regard to the deposition of Jan Allen, the Court finds the scope of the questioning should be limited to the time period from October 2012, when Jan Allen first started communicating and sharing information with Plaintiff, until May 3, 2013, when she was specifically directed by Defendants to cease all communications with Plaintiff.

Second, with regard to the deposition of Bank of America, Plaintiff seeks information relating to activity occurring on Ocean's Flavor's "Cash Management

Account," Account No. 325000460586 from January 2012 to present.  (ECF No. 6 at 3.)  However, Plaintiff admits it only had access to the account from February 19, 2013 to May 3, 2013.  Moreover, Judge Anello denied Plaintiff's request to monitor the Bank of America account.  (ECF No. 16.)  Therefore, the Court finds it is not appropriate to allow Plaintiff to inquire about activity occurring after May 3, 2013, when Plaintiff's access to the account was cut off.  Accordingly, the Court finds the questioning should be limited to the time period from February 2013 to May 2013.

### III.  CONCLUSION

Plaintiff has shown good cause for the immediate depositions of Jan Allen and Bank of America.  Therefore, IT IS HEREBY ORDERED that Plaintiff's Ex Parte Motion for Expedited Discovery is GRANTED.  Plaintiff is permitted to depose Jan Allen and Bank of America, in accordance with the terms of this order.

**IT IS SO ORDERED.**

DATED:  June 24, 2013

DAVID H. BARTICK
United States Magistrate Judge